UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK DARRYL HALL, | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:07CV1633-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

On June 29, 2006, Mark Darryl Hall pled guilty to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). On September 15, 2006, this Court sentenced Hall to a term of 46 months' imprisonment, to be followed by a two-year term of supervised release. The judgment was not appealed. Now before the Court is Hall's motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence, in which movant asserts four grounds for relief.

The government argues that the motion is time-barred, contending that the one-year limitation period ended on September 15, 2007 and the instant motion was filed on September 17. The Court finds movant's §2255 motion timely, based on the "prisoner mailbox" rule. Under the applicable prison mailbox rule, "for purposes of applying 28 U.S.C. §2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is

delivered to prison authorities for mailing to the clerk of the court." Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, that date could be no later than the September 13, 2008 postmark shown on the mailing envelope in which movant's §2255 motion was delivered to the Clerk. See Doc. #1-2. The motion is therefore deemed timely.

In Ground One, movant alleges that his counsel was constitutionally ineffective. To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The numerous circumstances here alleged to support movant's ineffective assistance claim are:

- that counsel has not sent movant any copy of any transcript, telling movant that no transcript was prepared;
- that counsel failed to follow up with one or more witnesses to have them testify in movant's behalf;

- that counsel failed to obtain phone records and store surveillance videotape relevant to the consensual interactions of movant and an alleged victim on the date of movant's alleged assault of the victim;
- that counsel did not confer with the state prosecution, as movant requested, to see if she could find something that could help movant in his case;
- that although movant had a question to ask while in court, counsel told movant not to say anything because it would upset the Court;
- that counsel failed to question the detective, as movant asked her to, about going to the address on the search warrant before getting a warrant, and also about going into movant's property while he was in detention;
- that movant reported to his attorney that something was not right and that he wanted to withdraw his guilty plea;
- that counsel failed to argue that movant has a history of depression and was not in a good physical or mental condition at the time his interrogation occurred;
- that counsel failed to get the result of the DNA testing to movant and failed to argue that movant did not know or recognize the alleged victims from the photographs he was shown;
- and that counsel did not allow movant to ask the Court for the low end of the Guidelines imprisonment range.

As further discussed below, the Court concludes that none of these circumstances supports a finding of ineffective assistance of counsel.

In the underlying criminal case, movant pled guilty to possession of a firearm having been previously convicted of one or more felony offenses. In the plea context, <u>Strickland</u> prejudice requires a showing that the movant "pleaded guilty as a direct consequence of his counsel's erroneous advice and...but for this advice, the outcome of the plea process would have been different. <u>Hale v. Lockhart</u>, 903 F.2d 545, 548-49 (8th Cir. 1990). A petitioner convicted upon his guilty plea must show that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985).

None of the circumstances movant alleges in support of Ground One is shown to constitute erroneous legal performance directly causing movant to plead guilty to the firearm charge. Several of the circumstances relate not to the federal firearm charge but to movant's potential prosecution on other charges relating to two alleged sexual assaults. Movant's allegation about counsel's failure to pursue witnesses fails because movant does not identify the witnesses, does not demonstrate that they would have been available to testify in his behalf, and does not provide the substance of their testimony. <u>Saunders v. United States</u>, 236 F.3d 950, 952-53 (8th Cir. 2001).

Movant's contention concerning a desire to withdraw his guilty plea is unavailing for its lack of specificity. Pursuant to Fed.R.Crim.P. 11(d)(2)(B), guilty pleas may be withdrawn only where a "fair and just reason" for doing so is shown, and movant's contention offers no such reason. Counsel could not have prevented movant from asking for the low end of the Guidelines imprisonment range at sentencing, when he was afforded the opportunity to address the Court. Movant's remaining complaints about his counsel also do not meet the standard of constitutionally deficient performance relative to his conviction and sentence before this Court. Relief on Ground One will be denied.

In Ground Two, movant alleges that he is entitled to relief because of prosecutorial misconduct. More specifically, movant alleges that he was not given numerous items to which he apparently believes he was entitled from the government in discovery. These include "<u>original</u> copies" of his own written or recorded statements, prior arrest and conviction records of the alleged victim, any potentially exculpatory statements of the victim, any medical or psychiatric evaluation of the victim relative to her credibility, any information on whether the victim had ever been an alcohol or controlled substance abuser, the police officers' rough notes and the result of movant's DNA test. Also in Ground Two movant complains of a police detective's failure to follow leads which might have resulted in the discovery of exculpatory evidence.

As with Ground One, the allegations offered for Ground Two relate not to the felon-in-possession charge to which movant pled guilty, but to other sexual assault charges not at issue in the underlying federal criminal case. In pleading guilty before this Court, movant admitted his prior convictions of felony offenses, and to the seizure, pursuant to a search warrant, of two firearms found in movant's closet. None of the materials and information about which movant now complains is shown to bear any relation to his conviction on the federal charge. Ground Two is without merit.

In Ground Three, movant challenges his identification by the victim based on a single photograph rather than a line-up, which movant contends was inherently suggestive and conducive to mistaken identity. Finally, in Ground Four, movant alleges that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Movant argues that the search exceeded the scope of the search warrant upon which it was based and challenges the accuracy and completeness of the information set forth in the affidavit in support of the search warrant application.

These grounds for relief are unavailing due to movant's guilty plea, which waived all non-jurisdictional defects in the charge against him. "The general rule is that a valid guilty plea waives all non-jurisdictional defects. Stated differently, a valid guilty plea forecloses an attack on a conviction unless 'on the

face of the record the court had no power to enter the conviction or impose the sentence.'" Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997), quoting United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir. 1994). This rule precludes relief on the Fourth Amendment and due process claims asserted in Grounds Three and Four.

Upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day. Section 2255 proceedings are civil in nature and movant has no constitutional right to the assistance of counsel in such proceedings. United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999). The Court is not persuaded that the appointment of counsel to represent movant was warranted, and the motion requesting such appointment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for appointment of counsel [Doc. #2255] is denied.

Dated this ___20th___ day of April, 2009.

                                                         _/s/ Donald J. Stohr_
                                                        UNITED STATES DISTRICT JUDGE